UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

TYGEE BARNHART, DAVID ROMEO, JR., and
MICHAEL LAUTURE,

                    Plaintiffs,

      - against -

THE CITY OF NEW YORK, ERICK REYES,
BAUDILIO GARCIARIVAS, and "JOHN DOE"
#1 - 5, all in Their Individual Capacities and
in Their Official Capacities,

                Defendants

------------------------------------------------------------x

15CV5985

COMPLAINT AND
DEMAND FOR JURY TRIAL

ECF CASE

Plaintiffs, by their attorneys, MICHELSTEIN & ASSOCIATES, PLLC , complaining of

the defendants, allege:

## NATURE OF THE ACTION

1. This is a civil rights action to redress the defendants' violations of the rights accorded

to plaintiffs Tygee Barnhart, David Romeo, Jr. and Michael Lauture by the Civil Rights Act of 1871,

42 U.S.C. §1983, by the Constitution of the United States, including the Fourth and Fourteenth

Amendments, and by the laws of the State of New York.

2. Plaintiffs Tygee Barnhart, David Romeo, Jr. and Michael Lauture are citizens of the

Untied States who were present, along with numerous other people, at 738 Elton Avenue, Bronx,

New York, on May 18, 2014, when New York City police officers Erick Reyes, Baudilio Garciarivas

and other New York City police officers entered the premises without a search warrant, claimed they

found a bag of marijuana on the floor under a table in the livingroom, arrested most of the

individuals present in the house, including the plaintiffs, handcuffed each plaintiff, transported the

plaintiffs to the 40th Precinct, where the plaintiffs were imprisoned for approximately eight hours

before being issued desk appearance tickets and being released, and prosecuted the plaintiffs on a false charge of Unlawful Possession of Marijuana. The charge brought by defendant Erick Reyes against plaintiff Michael Lauture was dismissed on September 24, 2014 and the charge brought by defendant Baudilio Garciarivas against plaintiffs Tygee Barnhart and David Romeo, Jr. was dismissed on October 24, 2014. The arrests and prosecutions of plaintiffs Tygee Barnhart, David Romeo, Jr. and Michael Lauture were the result of policies and practices adopted by defendant The City of New York (1) to arrest all persons present at a location where a drug is found, and (2) to arrest individuals without probable cause to support the arrests.

3. The defendants' actions were unlawful, and the plaintiffs bring this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiffs' constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claims occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Erick Reyes and Baudilio Garciarivas can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6. Plaintiff Tygee Barnhart is a citizen of the United States who resides in the County of Bronx, City and State of New York.

7. Plaintiff David Romeo, Jr. is a citizen of the United States who resides in the County of Bronx, City and State of New York.

8. Plaintiff Michael Lauture is a citizen of the United States who resides in the County of Bronx, City and State of New York.

9. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

10. At all times relevant herein, defendant The City of New York maintained a police department.

11. Defendant Erick Reyes is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

12. At all times relevant herein, defendant Erick Reyes was acting within the scope of his employment by defendant The City of New York.

13. Defendant Baudilio Garciarivas is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

14. At all times relevant herein, defendant Baudilio Garciarivas was acting within the scope of his employment by defendant The City of New York.

15. Defendants "John Doe" #1 - 5 are natural persons who, at all times relevant to this action, were employed by defendant The City of New York as police officers.

16. At all times relevant herein, defendants "John Doe #1 - 5 were acting within the scope of their employment by defendant The City of New York.

## NOTICES OF CLAIM

17. On January 20, 2015, and within 90 days of the accrual of his cause of action for malicious prosecution, plaintiff Tygee Barnhart served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

18. On January 20, 2015, and within 90 days of the accrual of his cause of action for malicious prosecution, plaintiff David Romeo, Jr. served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

19. On December 19, 2014, and within 90 days of the accrual of his cause of action for malicious prosecution, plaintiff Michael Lauture served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

20. The motion of plaintiffs Tygee Barnhart, David Romeo, Jr. and Michael Lauture to extend their time to serve Notices of Claim with respect to their claims for assault and battery, false imprisonment and violation of state constitutional and statutory rights was granted by an order of New York Supreme Court Justice Mitchell J. Danziger dated May 7, 2015, which deemed the plaintiffs' Notices of Claim to have been timely served *nunc pro tunc*.

21. More than thirty days have elapsed since the plaintiffs' Notices of Claim were served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

22.  Plaintiffs incorporate by reference paragraphs 1 through 21 of this complaint as though the same were set forth fully herein.

23.  On May 18, 2014, plaintiffs Tygee Barnhart, David Romeo, Jr. and Michael Lauture were guests present at 738 Elton Avenue, Bronx, New York.

24.  On May 18, 2014, defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 entered the above described premises.

25.  Upon information and belief, defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 did not have a search warrant authorizing their entry into or search of the above described premises.

26.  At the time of the entry of defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 into the above described premises, plaintiff David Romeo, Jr. was in a bedroom of the residence.

27.  Upon the entry of defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 into the above described premises, the defendants directed plaintiffs Tygee Barnhart and Michael Lauture to enter a bedroom in the rear of the residence.

28.  Defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 then proceeded to search the above described premises.

29.  Defendants Erick Reyes and Baudilio Garciarivas subsequently claimed that they discovered a small quantity of marijuana on the floor under a table in the livingroom of the above described premises.

30.  Defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 proceeded to arrest 17 individuals, including the plaintiffs, present in the above described premises for possession

of the small quantity of marijuana they claimed they discovered on the floor under a table in the livingroom of the above described premises.

31. Plaintiff Tygee Barnhart was not in possession of any marijuana.

32. The defendants did not have a warrant or other legal process authorizing the arrest of plaintiff Tygee Barnhart.

33. Plaintiff David Romeo, Jr. was not in possession of any marijuana.

34. The defendants did not have a warrant or other legal process authorizing the arrest of plaintiff David Romeo, Jr.

35. Plaintiff Michael Lauture was not in possession of any marijuana.

36. The defendants did not have a warrant or other legal process authorizing the arrest of plaintiff Michael Lauture.

37. One of the individual defendants handcuffed plaintiff Tygee Barnhart.

38. One of the individual defendants handcuffed plaintiff David Romeo, Jr.

39. One of the individual defendants handcuffed plaintiff Michael Lauture.

40. The defendants then transported plaintiff Tygee Barnhart, plaintiff David Romeo, Jr. and plaintiff Michael Lauture to the 40th Precinct.

41. At the 40th Precinct plaintiff Tygee Barnhart was taken to a bathroom and subjected to a strip search in which he was required to remove all of his clothing except his undershorts, and subjected to a pat-down.

42. At the 40th Precinct plaintiff David Romeo, Jr. was taken to a bathroom and subjected to a strip search in which he was required to remove all of his clothing except his undershorts..

43. At the 40th Precinct plaintiff Michael Lauture was taken to a bathroom and subjected to a strip search in which he was required to remove all of his clothing except his undershorts.

44. On May 18, 2014, Defendant Baudilio Garciarivas issued a Desk Appearance Ticket to plaintiff Tygee Barnhart.

45. On May 18, 2014, defendant Baudilio Garciarivas issued a Desk Appearance Ticket to plaintiff David Romeo, Jr.

46. On May 18, 2014, defendant Erick Reyes issued a Desk Appearance Ticket to plaintiff Michael Lauture.

47. On May 18, 2014, plaintiffs Tygee Barnhart, David Romeo, Jr. and Michael Lauture were released from the 40th Precinct after approximately eight hours of imprisonment.

48. On information and belief, on June 17, 2014, defendant Baudilio Garciarivas falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that he had observed plaintiff s Tygee Barnhart and David Romeo, Jr. in possession of one bag containing six ziplock bags containing marijuana.

49. On June 17, 2014, defendant Baudilio Garciarivas commenced a criminal proceeding against plaintiffs Tygee Barnhart and David Romeo, Jr. accusing these plaintiffs of the violation of Unlawful Possession of Marijuana.

50. On July 22, 2014, plaintiffs Tygee Barnhart and David Romeo, Jr. appeared before a judge of the Criminal Court of the City of New York, County of Bronx, and were arraigned on the false charge in the criminal proceeding commenced by defendant Baudilio Garciarivas.

51. On October 24, 2014, the charge against plaintiffs Tygee Barnhart and David Romeo, Jr. was dismissed.

52. On information and belief, on July 24, 2014, defendant Erick Reyes falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that he had observed plaintiff Michael Lauture in possession of six ziplock bags containing marijuana in concert with twelve other people.

53. On July 24, 2014, defendant Erick Reyes commenced a criminal proceeding against plaintiff Michael Lauture accusing the plaintiff of the violation of Unlawful Possession of Marijuana.

54. Plaintiff Michael Lauture subsequently appeared before a judge of the Criminal Court of the City of New York, County of Bronx, and was arraigned on the false charge in the criminal proceeding commenced by defendant Erick Reyes.

55. On September 24, 2014, the charge against plaintiff Michael Lauture was dismissed.

## COUNT ONE ON BEHALF OF TYGEE BARNHART
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

56. Plaintiffs incorporate by reference paragraphs 1 through 55 of this Complaint as though the same were set forth fully herein.

57. The seizure, detention, arrest, and imprisonment of plaintiff Tygee Barnhart by defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

58. The seizure, detention, arrest, and imprisonment of plaintiff Tygee Barnhart were made without probable cause to believe that he had committed a crime or offense.

59. The charge upon which defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 arrested plaintiff Tygee Barnhart was false.

60. The charge was made by defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 against plaintiff Tygee Barnhart with knowledge that it was false.

61. Plaintiff Tygee Barnhart was aware of his seizure, detention, arrest and imprisonment by defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5.

62. Plaintiff Tygee Barnhart did not consent to his seizure, detention, arrest or imprisonment.

63. Defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 acted in concert in the unconstitutional arrest of plaintiff Tygee Barnhart and/or could have intervened to stop the arrest.

64. As a result of the foregoing, plaintiff Tygee Barnhart was deprived of his liberty, was imprisoned, and was subjected to emotional and physical distress, embarrassment and humiliation.

65. The seizure, detention, arrest and imprisonment of plaintiff Tygee Barnhart deprived him of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

66. Defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Tygee Barnhart.

67. Defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 deprived plaintiff Tygee Barnhart of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Tygee Barnhart on a false criminal charge.

## COUNT TWO ON BEHALF OF TYGEE BARNHART
## STRIP SEARCH UNDER 42 U.S.C. §1983

68.   Plaintiffs incorporate by reference paragraphs 1 through 67 of this complaint as though the same were set forth fully herein.

69.   The defendants did not have a search warrant or other legal process authorizing a strip search of plaintiff Tygee Barnhart.

70.   Defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 lacked a factual basis to support a reasonable suspicion that plaintiff Tygee Barnhart had evidence concealed beneath his clothing.

71.   The strip search of plaintiff Tygee Barnhart conducted at the 40th Precinct deprived the plaintiff of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

72.   Defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5  acted in concert in the unconstitutional strip search of plaintiff Tygee Barnhart or could have intervened to stop the search.

73.   Plaintiff Tygee Barnhart suffered anxiety, mental and physical distress, embarrassment and humiliation as a result of the strip search conducted by the defendants.

74.   Defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5  were acting under color of state law when they subjected plaintiff Tygee Barnhart to a strip search at the 40th Precinct.

75.   Defendants Erick Reyes, Baudilio Garciarivas and "John Doe" #1 - 5 deprived plaintiff Tygee Barnhart of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United

States under color of state law, in violation of 42 U.S.C. §1983, by conducting a strip search of plaintiff Tygee Barnhart at the 40th Precinct.

## COUNT THREE ON BEHALF OF TYGEE BARNHART
### MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

76.  Plaintiffs incorporate by reference paragraphs 1 through 75 of this Complaint as though the same were set forth fully herein.

77.  The criminal charge brought by defendant Baudilio Garciarivas against plaintiff Tygee Barnhart in the Criminal Court of the City of New York, County of Bronx was false.

78.  The criminal proceeding commenced by defendant Baudilio Garciarivas against plaintiff Tygee Barnhart in the Criminal Court of the City of New York, County of Bronx, was instituted by this defendant with knowledge that the charge was false.

79. Defendant Baudilio Garciarivas lacked probable cause to believe that plaintiff Tygee Barnhart had possessed marijuana.

80.  Defendant Baudilio Garciarivas was acting with malice when he commenced the criminal proceeding against plaintiff Tygee Barnhart.

81. The criminal proceeding instituted by defendant Baudilio Garciarivas against plaintiff Tygee Barnhart was terminated in plaintiff Tygee Barnhart's favor.

82.  As a result of the prosecution of plaintiff Tygee Barnhart on a false criminal charge, the plaintiff was subjected to emotional distress, embarrassment and humiliation.

83.  Defendant Baudilio Garciarivas was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that he had observed plaintiff Tygee Barnhart in possession of a bag containing 6 ziplock bags containing marijuana.

84.  Defendant Baudilio Garciarivas was acting under color of state law when he commenced a criminal proceeding against plaintiff Tygee Barnhart in the Criminal Court of the City of New York, County of Bronx.

85.  Defendant Baudilio Garciarivas deprived plaintiff Tygee Barnhart of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Tygee Barnhart on a false criminal charge.

### COUNT FOUR ON BEHALF OF TYGEE BARNHART
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

86.  Plaintiffs incorporate by reference paragraphs 1 through 85 of this Complaint as though the same were set forth fully herein.

87.  The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

88.  The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

89. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting all persons present at premises in which contraband is found, regardless of the lack of evidence of commission of a crime by some or all of those persons, in violation of the Fourth Amendment of the Constitution of the United States.

90. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth Amendment of the Constitution of the United States.

91. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in proper procedures for the conduct of searches consistent with the requirements of the Fourth Amendment of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the standards of probable cause and the requirements for the arrest of persons present in premises in which a small quantity of marijuana is found;

(c) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless arrests of individuals for possession of controlled substances, marijuana or other contraband consistent with the requirements of the Fourth Amendment of the Constitution of the United States;

(d) Defendant The City of New York encouraged or permitted police officers finding a small quantity of marijuana in premises being searched to arrest all persons present in the premises regardless of the absence of probable cause for such arrests;

(e) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during the searches of premises and during warrantless arrests;

(f) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth Amendment of the Constitution of the United States;

(g) Defendant The City of New York failed to discipline police officers for making warrantless arrests of all persons present in premises in which a small quantity of marijuana is found where probable cause for an arrest did not exist.

92.   The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

93.   The arrest, imprisonment and prosecution of plaintiff Tygee Barnhart on a false criminal charge resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause, and the requirements for warrantless arrests.

94.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of arresting all persons present in premises in which a small quantity of marijuana is found.

95.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

96.   Defendant The City of New York deprived plaintiff Tygee Barnhart of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing policies, practices and customs of arresting all persons present in premises in which a small quantity of marijuana or a drug is found and of making warrantless arrests without probable cause.

## COUNT FIVE ON BEHALF OF TYGEE BARNHART
## MUNICIPAL LIABILITY FOR STRIP SEARCHES UNDER 42 U.S.C. §1983

97.   Plaintiffs incorporate by reference paragraphs 1 through 96 this Complaint as though the same were set forth fully herein.

98. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of performing strip searches of persons charged with minor crimes in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

99. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of performing strip searches of persons under arrest despite the absence of a factual basis for a reasonable suspicion to believe that the persons had evidence concealed within a body cavity.

100. The aforesaid custom, policy, and practice of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in the circumstances under which arrested individuals can be subjected to strip searches;

(b) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during the processing of arrested individuals;

(c) Defendant The City of New York failed properly to supervise police officers during the processing of arrests to ensure that strip searches were not performed where no factual basis existed for a reasonable suspicion that the person arrested had evidence concealed beneath clothing;

(d) Defendant The City of New York failed to discipline police officers for performing strip searches under circumstances in which no factual basis existed for a reasonable suspicion that the person arrested had evidence concealed beneath clothing.

101. The strip search to which plaintiff Tygee Barnhart was subjected resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards and requirements for strip searches.

102. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of performing strip searches of individuals

under arrest despite the absence of a factual basis for a reasonable suspicion that the persons have evidence concealed beneath clothing.

103. Defendant The City of New York deprived plaintiff Tygee Barnhart of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the Untied States under color of state law, in violation of 42 U.S.C. §1983, by formulating and implementing a policy, custom or practice of performing strip searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons had evidence concealed beneath clothing.

## COUNT SIX ON BEHALF OF TYGEE BARNHART
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

104. Plaintiffs incorporate by reference paragraphs 1 through 103 of this Complaint as though the same were set forth fully herein.

105. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

106. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

107. Upon information and belief, defendant The City of New York failed to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights.

108.  The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

109.  Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Tygee Barnhart would be violated.

110.  Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Tygee Barnhart.

111.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

112.  Defendant The City of New York deprived plaintiff Tygee Barnhart of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT SEVEN ON BEHALF OF TYGEE BARNHART
## COMMON LAW FALSE IMPRISONMENT

113.  Plaintiffs incorporate by reference paragraphs 1 through 112 of this Complaint as though the same were set forth fully herein.

114. Defendants Erick Reyes, Baudilio Garciarivas, "John Doe" #1 - 5 and The City of New York falsely imprisoned plaintiff Tygee Barnhart on May 18, 2014 by seizing, detaining, arresting and imprisoning him on a false criminal charge.

115. As a result of the foregoing, plaintiff Tygee Barnhart was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

### COUNT EIGHT ON BEHALF OF TYGEE BARNHART
### COMMON LAW ASSAULT AND BATTERY

116. Plaintiff incorporates by reference paragraphs 1 through 115 of this Complaint as though the same were set forth fully herein.

117. Defendants Erick Reyes, Baudilio Garciarivas, "John Doe" #1 - 5 and The City of New York committed an assault and battery on the person of plaintiff Tygee Barnhart on May 18, 2014 by handcuffing the plaintiff.

118. As a result of the foregoing, plaintiff Tygee Barnhart experienced pain, physical and emotional distress, hardship and anxiety.

### COUNT NINE ON BEHALF OF TYGEE BARNHART
### COMMON LAW MALICIOUS PROSECUTION

119. Plaintiffs incorporate by reference paragraphs 1 through 118 of this Complaint as though the same were set forth fully herein.

120. Defendants Baudilio Garciarivas and The City of New York maliciously prosecuted plaintiff Tygee Barnhart on a false charge of Unlawful Possession of Marijuana.

121. As a result of the criminal proceeding instituted by defendants Baudilio Garciarivas and The City of New York, plaintiff Tygee Barnhart was subjected to emotional and physical distress, and was exposed to public ridicule, scorn, humiliation and embarrassment.

## COUNT TEN ON BEHALF OF DAVID ROMEO, JR.
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

122.  Plaintiffs incorporate by reference paragraphs 1 through 121 of this Complaint as though the same were set forth fully herein.

123.  The seizure, detention, arrest, and imprisonment of plaintiff David Romeo, Jr. by defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

124.  The seizure, detention, arrest, and imprisonment of plaintiff David Romeo, Jr. were made without probable cause to believe that he had committed a crime or offense.

125.  The charge upon which  defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 arrested plaintiff David Romeo, Jr. was false.

126.  The charge was made by defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 against plaintiff David Romeo, Jr. with knowledge that it was false.

127.  Plaintiff David Romeo, Jr. was aware of his seizure, detention, arrest and imprisonment by defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 .

128.  Plaintiff David Romeo, Jr. did not consent to his seizure, detention, arrest or imprisonment.

129.  Defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 acted in concert in the unconstitutional arrest of plaintiff David Romeo, Jr. and/or could have intervened to stop the arrest.

130.  As a result of the foregoing, plaintiff David Romeo, Jr. was deprived of his liberty, was imprisoned, and was subjected to emotional and physical distress, embarrassment and humiliation.

131.  The seizure,  detention, arrest and imprisonment of plaintiff David Romeo, Jr. deprived him of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

132.  Defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff David Romeo, Jr..

133.  Defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 deprived plaintiff David Romeo, Jr. of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff David Romeo, Jr. on a false criminal charge.

## COUNT ELEVEN ON BEHALF OF DAVID ROMEO, JR.
### STRIP SEARCH UNDER 42 U.S.C. §1983

134.  Plaintiffs incorporate by reference paragraphs 1 through 133 of this complaint as though the same were set forth fully herein.

135.  The defendants did not have a search warrant or other legal process authorizing a strip search of plaintiff David Romeo, Jr..

136.  Defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 lacked a factual basis to support a reasonable suspicion that plaintiff David Romeo, Jr. had evidence concealed beneath his clothing.

137.   The strip search of plaintiff David Romeo, Jr. conducted at the 40th Precinct deprived the plaintiff of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

138.   Defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5  acted in concert in the unconstitutional strip search of plaintiff David Romeo, Jr. or could have intervened to stop the search.

139.   Plaintiff David Romeo, Jr. suffered anxiety, mental and physical distress, embarrassment and humiliation as a result of the strip search conducted by the defendants.

140.   Defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5  were acting under color of state law when they subjected plaintiff David Romeo, Jr. to a strip search at the 40th Precinct.

141.   Defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1- 5 deprived plaintiff David Romeo, Jr. of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by conducting a strip search of plaintiff David Romeo, Jr. at the 40th Precinct.

## COUNT TWELVE ON BEHALF OF DAVID ROMEO, JR.
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

142.   Plaintiffs incorporate by reference paragraphs 1 through 141 of this Complaint as though the same were set forth fully herein.

143.   The criminal charge brought by defendant Baudilio Garciarivas against plaintiff David Romeo, Jr. in the Criminal Court of the City of New York, County of Bronx was false.

144.   The criminal proceeding commenced by defendant Baudilio Garciarivas against plaintiff David Romeo, Jr. in the Criminal Court of the City of New York, County of Bronx, was instituted by this defendant with knowledge that the charge was false.

145.   Defendant Baudilio Garciarivas lacked probable cause to believe that plaintiff David Romeo, Jr. had possessed marijuana.

146.   Defendant Baudilio Garciarivas was acting with malice when he commenced the criminal proceeding against plaintiff David Romeo, Jr..

147.   The criminal proceeding instituted by defendant Baudilio Garciarivas against plaintiff David Romeo, Jr. was terminated in plaintiff David Romeo, Jr.'s favor.

148.   As a result of the prosecution of plaintiff David Romeo, Jr. on a false criminal charge, the plaintiff was subjected to emotional distress, embarrassment and humiliation.

149.   Defendant Baudilio Garciarivas was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that he had observed plaintiff David Romeo, Jr. in possession of a bag containing 6 ziplock bags containing marijuana.

150.   Defendant Baudilio Garciarivas was acting under color of state law when he commenced a criminal proceeding against plaintiff David Romeo, Jr. in the Criminal Court of the City of New York, County of Bronx.

151.   Defendant Baudilio Garciarivas deprived plaintiff David Romeo, Jr. of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff David Romeo, Jr. on a false criminal charge.

## COUNT THIRTEEN ON BEHALF OF DAVID ROMEO, JR.
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

152.  Plaintiffs incorporate by reference paragraphs 1 through 151 of this Complaint as though the same were set forth fully herein.

153.  The arrest, imprisonment and prosecution of plaintiff David Romeo, Jr. on a false criminal charge resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the the standards of probable cause, and the requirements for warrantless arrests.

154.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of arresting all persons present in premises in which a small quantity of marijuana is found.

155.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

156.  Defendant The City of New York deprived plaintiff David Romeo, Jr. of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing policies, practices or customs of arresting all persons present in premises in which a small quantity of marijuana or of a drug is found and of making warrantless arrests without probable cause.

## COUNT FOURTEEN ON BEHALF OF DAVID ROMEO, JR.
### MUNICIPAL LIABILITY FOR STRIP SEARCHES UNDER 42 U.S.C. §1983

157.  Plaintiffs incorporate by reference paragraphs 1 through 156 this Complaint as though the same were set forth fully herein.

158.  The strip search to which plaintiff David Romeo, Jr. was subjected resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards and requirements for strip searches.

159.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of performing strip searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons have evidence concealed beneath clothing.

160.  Defendant The City of New York deprived plaintiff David Romeo, Jr. of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the Untied States under color of state law, in violation of 42 U.S.C. §1983, by formulating and implementing a policy, custom or practice of performing strip searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons had evidence concealed beneath clothing.

### COUNT FIFTEEN ON BEHALF OF DAVID ROMEO, JR.
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

161.  Plaintiffs incorporate by reference paragraphs 1 through 160 of this Complaint as though the same were set forth fully herein.

162.  The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

163.  Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff David Romeo, Jr. would be violated.

164. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff David Romeo, Jr..

165. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

166. Defendant The City of New York deprived plaintiff David Romeo, Jr. of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT SIXTEEN ON BEHALF OF DAVID ROMEO, JR.
## COMMON LAW FALSE IMPRISONMENT

167. Plaintiffs incorporate by reference paragraphs 1 through 166 of this Complaint as though the same were set forth fully herein.

168. Defendants Erick Reyes, Baudilio Garciarivas, "John Doe" #1 - 5 and The City of New York falsely imprisoned plaintiff David Romeo, Jr. on May 18, 2014 by seizing, detaining, arresting and imprisoning him on a false criminal charge.

169. As a result of the foregoing, plaintiff David Romeo, Jr. was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

### COUNT SEVENTEEN ON BEHALF OF DAVID ROMEO, JR.
### COMMON LAW ASSAULT AND BATTERY

170.  Plaintiff incorporates by reference paragraphs 1 through 169 of this Complaint as though the same were set forth fully herein.

171.  Defendants Erick Reyes, Baudilio Garciarivas, "John Doe" #1 - 5 and The City of New York committed an assault and battery on the person of plaintiff David Romeo, Jr. on May 18, 2014 by handcuffing the plaintiff.

172.  As a result of the foregoing, plaintiff David Romeo, Jr. experienced pain, physical and emotional distress, hardship and anxiety.

### COUNT EIGHTEEN ON BEHALF OF DAVID ROMEO, JR.
### COMMON LAW MALICIOUS PROSECUTION

173.  Plaintiffs incorporate by reference paragraphs 1 through 172 of this Complaint as though the same were set forth fully herein.

174.  Defendants Baudilio Garciarivas and The City of New York maliciously prosecuted plaintiff David Romeo, Jr. on a false charge of Unlawful Possession of Marijuana.

175.  As a result of the criminal proceeding instituted by defendants Baudilio Garciarivas and The City of New York, plaintiff David Romeo, Jr. was subjected to emotional and physical distress, and was exposed to public ridicule, scorn, humiliation and embarrassment.

### COUNT NINETEEN ON BEHALF OF MICHAEL LAUTURE
### FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

176.  Plaintiffs incorporate by reference paragraphs 1 through 175 of this Complaint as though the same were set forth fully herein.

177.  The seizure, detention, arrest, and imprisonment of plaintiff Michael Lauture by defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

178.  The seizure, detention, arrest, and imprisonment of plaintiff Michael Lauture were made without probable cause to believe that he had committed a crime or offense.

179.  The charge upon which  defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 arrested plaintiff Michael Lauture was false.

180.  The charge was made by defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 against plaintiff Michael Lauture with knowledge that it was false.

181.   Plaintiff Michael Lauture was aware of his seizure, detention, arrest and imprisonment by defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 .

182.   Plaintiff Michael Lauture did not consent to his seizure, detention, arrest or imprisonment.

183.  Defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 acted in concert in the unconstitutional arrest of plaintiff Michael Lauture and/or could have intervened to stop the arrest.

184.  As a result of the foregoing, plaintiff Michael Lauture was deprived of his liberty, was imprisoned, and was subjected to emotional and physical distress, embarrassment and humiliation.

185.  The seizure,  detention, arrest and imprisonment of plaintiff Michael Lauture deprived him of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

186.  Defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Michael

Lauture.

187.  Defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 deprived plaintiff Michael Lauture of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Michael Lauture on a false criminal charge.

## COUNT TWENTY ON BEHALF OF MICHAEL LAUTURE
## STRIP SEARCH UNDER 42 U.S.C. §1983

188.  Plaintiffs incorporate by reference paragraphs 1 through 187 of this complaint as though the same were set forth fully herein.

189.  The defendants did not have a search warrant or other legal process authorizing a strip search of plaintiff Michael Lauture.

190.  Defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 lacked a factual basis to support a reasonable suspicion that plaintiff Michael Lauture had evidence concealed beneath his clothing.

191.  The strip search of plaintiff Michael Lauture conducted at the 40th Precinct deprived the plaintiff of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

192.  Defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5  acted in concert in the unconstitutional search of plaintiff Michael Lauture or could have intervened to stop the search.

193.   Plaintiff Michael Lauture suffered anxiety, mental and physical distress, embarrassment and humiliation as a result of the strip search conducted by the defendants.

194.  Defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 were acting under color of state law when they subjected plaintiff Michael Lauture to a strip search at the 40th Precinct.

195.  Defendants Erick Reyes, Baudilio Garciarivas, and "John Doe" #1 - 5 deprived plaintiff Michael Lauture of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by conducting a strip search of plaintiff Michael Lauture at the 40th Precinct.

## COUNT TWENTY-ONE ON BEHALF OF MICHAEL LAUTURE
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

196.  Plaintiffs incorporate by reference paragraphs 1 through 195 of this Complaint as though the same were set forth fully herein.

197.  The criminal charge brought by defendant Erick Reyes against plaintiff Michael Lauture in the Criminal Court of the City of New York, County of Bronx was false.

198.  The criminal proceeding commenced by defendant Erick Reyes against plaintiff Michael Lauture in the Criminal Court of the City of New York, County of Bronx, was instituted by this defendant with knowledge that the charge was false.

199.  Defendant Erick Reyes lacked probable cause to believe that plaintiff Michael Lauture had possessed marijuana.

200.  Defendant Erick Reyes was acting with malice when he commenced the criminal proceeding against plaintiff Michael Lauture.

201.   The criminal proceeding instituted by defendant Erick Reyes against plaintiff Michael Lauture was terminated in plaintiff Michael Lauture's favor.

202.   As a result of the prosecution of plaintiff Michael Lauture on a false criminal charge, the plaintiff was subjected to emotional distress, embarrassment and humiliation.

203. Defendant Erick Reyes was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that he had observed plaintiff Michael Lauture in possession of six ziplock bags containing marijuana in concert with twelve other people.

204.   Defendant Erick Reyes was acting under color of state law when he commenced a criminal proceeding against plaintiff Michael Lauture in the Criminal Court of the City of New York, County of Bronx.

205.   Defendant Erick Reyes deprived plaintiff Michael Lauture of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Michael Lauture on a false criminal charge.

### COUNT TWENTY-TWO ON BEHALF OF MICHAEL LAUTURE MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

206.   Plaintiffs incorporate by reference paragraphs 1 through 205 of this Complaint as though the same were set forth fully herein.

207.   The arrest, imprisonment and prosecution of plaintiff Michael Lauture on a false criminal charge resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

208.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of arresting all persons present in premises in which a small quantity of marijuana is found.

209.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

210.   Defendant The City of New York deprived plaintiff Michael Lauture of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing policies, practices or customs of arresting all persons present in premises in which a small quantity of marijuana or a drug is found and making warrantless arrests without probable cause.

## COUNT TWENTY-THREE ON BEHALF OF MICHAEL LAUTURE
## MUNICIPAL LIABILITY FOR STRIP SEARCHES UNDER 42 U.S.C. §1983

211.   Plaintiffs incorporate by reference paragraphs 1 through 210 this Complaint as though the same were set forth fully herein.

212.   The strip searches to which plaintiff Michael Lauture was subjected resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards and requirements for strip searches.

213.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of performing strip searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons have evidence concealed beneath clothing.

214. Defendant The City of New York deprived plaintiff Michael Lauture of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the Untied States under color of state law, in violation of 42 U.S.C. §1983, by formulating and implementing a policy, custom or practice of performing strip searches of individuals under arrest despite the absence of a factual basis for a reasonable suspicion that the persons had evidence concealed beneath clothing.

## COUNT TWENTY-FOUR ON BEHALF OF MICHAEL LAUTURE
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

215. Plaintiffs incorporate by reference paragraphs 1 through 214 of this Complaint as though the same were set forth fully herein.

216. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

217. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Michael Lauture would be violated.

218. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Michael Lauture.

219. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

220.   Defendant The City of New York deprived plaintiff Michael Lauture of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT TWENTY-FIVE ON BEHALF OF MICHAEL LAUTURE
## COMMON LAW FALSE IMPRISONMENT

221.   Plaintiffs incorporate by reference paragraphs 1 through 220 of this Complaint as though the same were set forth fully herein.

222.   Defendants Erick Reyes, Baudilio Garciarivas, "John Doe" #1 - 5 and The City of New York falsely imprisoned plaintiff Michael Lauture on May 18, 2014 by seizing, detaining, arresting and imprisoning him on a false criminal charge.

223.   As a result of the foregoing, plaintiff Michael Lauture was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT TWENTY-SIX ON BEHALF OF MICHAEL LAUTURE
## COMMON LAW ASSAULT AND BATTERY

224.   Plaintiff incorporates by reference paragraphs 1 through 223 of this Complaint as though the same were set forth fully herein.

225.   Defendants Erick Reyes, Baudilio Garciarivas, "John Doe" #1 - 5 and The City of New York committed an assault and battery on the person of plaintiff Michael Lauture on May 18, 2014 by  handcuffing the plaintiff.

226.   As a result of the foregoing, plaintiff Michael Lauture experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT TWENTY-SEVEN ON BEHALF OF MICHAEL LAUTURE
## COMMON LAW MALICIOUS PROSECUTION

227. Plaintiffs incorporate by reference paragraphs 1 through 226 of this Complaint as though the same were set forth fully herein.

228. Defendants Erick Reyes and The City of New York maliciously prosecuted plaintiff Michael Lauture on a false criminal charge of Unlawful Possession of Marijuana.

229. As a result of the criminal proceedings instituted by defendants Erick Reyes and The City of New York, plaintiff Michael Lauture was subjected to emotional and physical distress, and was exposed to public ridicule, scorn, humiliation and embarrassment.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

A. Award the plaintiffs compensatory damages to be determined by the jury at the time of trial;

B. Award the plaintiffs punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiffs reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

### JURY TRIAL DEMANDED

The plaintiffs request a jury trial on all questions of fact raised by their Complaint.

Dated: New York, New York
         July 28, 2015

MICHELSTEIN & ASSOCIATES, PLLC

By: _____
Steven D. Michelstein (SM3323)
Attorneys for Plaintiff
485 Madison Avenue
New York, New York 10022
malaw485@yahoo.com
(212) 588-0880